## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THERESE CARVER and JOSH HARDY, individually and as parents and next friends of A.H., deceased<br><br>Plaintiffs,<br><br>v.<br><br>KIA MOTORS CORPORATION<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 10-CV-642-JHP-PJC<br>)<br>)<br>)<br>)<br>)<br>) |

### OPINION AND ORDER

Before the Court is Plaintiffs' Motion to Compel Document Production and Deposition Responses and Brief in Support (Motion to Compel),[1] Defendant KIA Motors Corporation's Response and Objection to Plaintiffs' Motion to Compel Document Production and Deposition Responses (Response to Motion to Compel),[2] and Plaintiffs' Reply to Defendant's Response and Objection to Plaintiffs' Motion to Compel Document Production and Deposition Response.[3] The Court also addresses Plaintiffs' Motion for Extension of the Discovery Deadline and All Other Remaining Deadlines, and for Continuance and Resetting of the Pretrial and Trial Dates (Motion for Extension),[4] Defendant KIA Motors Corporation's Response and Objection to Plaintiffs' Motion for Extension of the Discovery Deadline and All Other Remaining Deadlines, and for Continuance

---

[1] Docket No. 65.

[2] Docket No. 66.

[3] Docket No. 71.

[4] Docket No. 47.

and Resetting of the Pretrial and Trial Dates (Response to Motion for Extension),[5] and Plaintiffs' Reply to Defendant's Response and Objection to Plaintiffs' Motion for Extension of the Discovery Deadline and All Other Remaining Deadlines, and for Continuance and Resetting of the Pretrial and Trial Dates.[6] For the Reasons Set forth below, Plaintiffs' Motion to Compel is **DENIED**. Plaintiffs' Motion for Extension of the Discovery Deadline and All Other Remaining Deadlines, and for Continuance and Resetting of the Pretrial and Trial Dates is similarly **DENIED**.

## BACKGROUND

This instant case arises from an automobile accident that occurred on May 14, 2010, when a 1999 Kia Sephia driven by Marty Bowman crossed left of center on State Highway 10 and collided with an oncoming Freightliner tractor and trailer.[7] At the time of the collision, the Kia had three passengers, including Plaintiffs' child A.H., who was removed from life support on May 20, 2010 as a result of injuries sustained in the accident.[8] Plaintiffs sued Defendant Kia Motors Corporation (KMC) under theories of strict products liability and negligence.

Both Plaintiffs' Motion to Compel and Plaintiffs' Motion for an Extension arise in large part from an ongoing discovery "dispute" of which this Court was unaware until Plaintiffs filed their Motion for Extension on December 5, 2011, nearly one month after the agreed discovery deadline.[9] Plaintiffs seek discovery of an investigative file, consisting of two reports to Defendant KMC's

---

[5] Docket No. 56.

[6] Docket No. 62.

[7] Motion to Compel at 1-2, Docket No. 65.

[8] *Id.* at 2.

[9] *See* Motion for Extension at 3-4, Docket No. 47. The discovery deadline in this case was November 18, 2011. *See* Docket No. 22.

2

California counsel, various public records, and some handwritten notes by Thomas Ottoson, an investigator from Associated Professional Investigations.[10] Ottoson was hired by Defendant KMC to review the automobile in question.[11] Even after having an opportunity to depose Ottoson outside discovery, Plaintiffs contend that production of the actual report, in its entirety, remains vital to the prosecution of the case.[12] Specifically, Plaintiffs claim that Ottoson's investigative file is integral to their expert's complete report on the engineering defect Plaintiffs intend to proffer at trial.[13] Plaintiffs further claim that Defendant's withholding of this information is largely what necessitates an extension of trial deadlines.[14] Defendant contends that Ottoson's file is both irrelevant to Plaintiffs' case and privileged as a report prepared in anticipation of litigation.[15] To support its claim of privilege, Defendant provided Ottoson's full investigative file to this Court for *in camera* review on December 28, 2011.

## DISCUSSION

A. Motion to Compel

As it bears directly on the necessity of extending deadlines, the Court first reviews Plaintiffs' Motion to Compel. Federal Rule of Civil Procedure 37 provides the framework for enforcing discovery rules against a party. Upon certification that a movant has in good faith conferred, or

---

[10]*See* Response to Motion for Extension at 5, Docket No. 56.

[11]*Id.*

[12]Motion to Compel at 9, Docket No. 65.

[13]*Id.*

[14]*See* Motion for Extension at 7, Docket No. 47.

[15]*See* Response to Motion to Compel at 4,12, Docket No. 66; Response to Motion for Extension at 4, Docket No. 56.

attempted to confer with the party failing to make disclosure or discovery responses, the Court may, upon party motion, enter an order compelling those disclosures and responses.[16] However, a party generally may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative.[17] Under Rule 26(b)(3)(A), such materials may only be discovered if (1) they are relevant to a party's claim under 26(b)(1), (2) the party shows the substantial need for the materials to prepare its case, and (3) the party cannot, without undue hardship, obtain the substantial equivalent of the materials by other means.[18]

The investigation by Ottoson occurred on June 8, 2010, shortly after A.H. was removed from life support.[19] This case was filed by Plaintiffs shortly thereafter, on September 14, 2010.[20] Ottoson was an outside investigator hired by an automobile manufacturer to examine one of its automobiles that had recently been involved in an accident that proved fatal to a small child. When, as happened here, a manufacturer investigates its product after it has been involved in an accident, logic dictates that the fruits of that investigation fall squarely within the discovery exemption provided by Rule 26(b)(3)(A). It then falls to the party seeking discovery to show that the materials sought are relevant to that party's claim, that there is a substantial need for the materials, and that the seeking party cannot, without undue hardship, obtain the substantial equivalent from other sources.

---

[16] Fed. R. Civ. P. 37(a).

[17] Fed. R. Civ. P. 26(b)(3)(A).

[18] Fed. R. Civ. P. 26(b)(3)(A)(i)&(ii).

[19] *See* Response to Motion for Extension at 3, Docket No. 56; Motion to Compel at 2, Docket No. 65.

[20] *See* Docket No. 2.

After a thorough *in camera* review of the entire investigative file in question, the Court finds that Plaintiffs can easily procure all of the information contained in the investigative file from sources already listed by the Plaintiffs as potential witnesses.[21] As such, Plaintiffs can procure the substantial equivalent of these materials through other means, and Ottoson's investigative file, including all reports and attendant materials, are properly exempted from discovery under Rule 26(b)(3)(A). Plaintiffs' Motion to Compel is therefore DENIED.

B. Motion for Extension of Time

In light of its findings regarding Plaintiffs' Motion to Compel, the Court must now assess the necessity of Plaintiffs' Motion for an Extension. Plaintiff contends that (1) Defendant's "concealment of Ottoson's involvement" and Plaintiffs' continuing requests for Ottoson's reports; (2) Plaintiffs' need to interpret discovery documents written in Korean; and (3) both Parties' need to designate Ottoson's December 7, 2011 deposition transcript all necessitate an extension of all deadlines.[22] Plaintiffs' purpose reopening discovery, resetting the discovery cutoff to January 16, 2012, and resetting all other deadlines to correspond with the extended discovery period.[23] Defendant objects to the extension, claiming that an extension serves to punish Defendant by allowing Plaintiffs additional time to develop and support an actual theory of defect well after the original discovery period has lapsed.[24]

Federal Rule of Civil Procedure 6(b) states that when an act may or must be done within a

---

[21] *See* Docket No. 39.

[22] Motion for Extension at 6, Docket No. 47; Motion to Compel at 2, Docket No. 65.

[23] *Id.* at 1.

[24] Response to Motion for Extension at 6, Docket No. 56.

5

specified time, the court may, for good cause, extend the time upon motion made.[25] When a motion to extend time is made after the deadline at issue has passed, the Court may grant the extension *if* the party failed to act because of excusable neglect.[26] Here Plaintiff asked the Court for an extension of the discovery deadline on December 5, 2011, seventeen days after the discovery deadline had passed.[27] Because Plaintiffs' request came after the discovery deadline, the Court considers whether Plaintiffs' failure to complete discovery or request an extension before the discovery period ended is the result of excusable neglect.

Plaintiffs' first reason for not conforming with existing deadlines or timely filing a motion to extend is based on Defendant's refusal to turn over Ottoson's investigative file. Plaintiffs became aware in Ottoson's investigation near the end of July 2011, and was provided the photos from that investigation on July 29.[28] It is Plaintiffs' contention that from July 2011 until December 1, 2011, Defense Counsel had assured Plaintiffs that it would turn over at least portions of the remaining file.[29] Plaintiffs further contend that on December 1, two weeks after discovery ended, Defendant informed Plaintiffs that the file would not be produced.[30] The parties do agree that the two letters of correspondence between Ottoson and California attorneys comprising the bulk of Ottoson's file,

---

[25] Fed. R. Civ. P. 26(b)(1).

[26] Fed. R. Civ. P. 26(b)(1)(b).

[27] *See* Docket No. 47.

[28] Motion for Extension at 3, Docket No. 47.

[29] Plaintiffs' Reply to Defendant's Response and Objection to Plaintiffs' Motion for Extension of the Discovery Deadline and All Other Remaining Deadlines, and for Continuance and Resetting of the Pretrial and Trial Dates at 4, Docket No. 62.

[30] *Id.*

were never to be produced.[31]

Despite Plaintiffs' perceived need for Ottoson's file, this Court was not made aware of this dispute until Plaintiffs' December 5th Motion for Extension. Plaintiffs seemingly argue they did not believe such measures were necessary, as Defendant had allegedly agreed to produce the file. However, faith in defense counsel does not absolve Plaintiffs' Counsel of her duty to file the necessary motions within the discovery time frame to ensure all relevant documents are received. Plaintiffs knew of this document's existence, felt it was integral to Plaintiffs' case and Plaintiffs' expert's amended report, yet Plaintiffs failed to inform this Court of Defendant's alleged foot dragging through an appropriate motion to compel until *ordered* to do so by this Court at the December 21st pretrial conference, over a month after the discovery deadline.[32]

In Plaintiffs' own words, Defendant's withholding of information pertaining to Ottoson was "innocuous."[33] Although this misstatement runs counter to Plaintiffs' arguments in both the Motion to Compel and in the Motion for Extension, it ultimately rings true. Throughout their post-discovery filings and conversations with this Court, Plaintiffs have insisted that Ottoson's file is the "smoking gun" in this case. In the end, Ottoson's file is not that "smoking gun," and had it been, Plaintiffs still neglected to file the requisite motions before the November 18th discovery cutoff in order to discover

---

[31]*Id.* ("While Defendant has always asserted that there are two (2) letters of correspondence between Ottoson and "an attorney for KMC" and that they would not produce those, they have never asserted they would not provide anything else in the file until the email of December 1, 2011, two (2) weeks after the discovery cutoff").

[32]On December 13, 2011, before the pretrial conference, Plaintiffs also filed a *subpoena duces tecum* in the Eastern District of California in an attempt to secure the documents from Ottoson himself. It is still unclear why Plaintiffs chose to involve a far-flung district in this Court's discovery matters, rather than filing an admittedly late motion to compel with this Court.

[33]*See* Motion to Compel at 9, Docket No. 65 ("Defendant has rather innocuously withheld information regarding Mr. Ottoson and his investigation since early on in this matter").

7

the material or to extend the deadlines for that discovery.  Neglecting to follow basic discovery procedures is, in a word, inexcusable, and does not offer the Court good cause for extending the deadlines in this case.

Plaintiffs' second reason for neglecting to conform to discovery deadlines or to timely file a motion to extend is that more time is needed to review and interpret produced documents.[34] Plaintiffs argue that the documents were produced piecemeal, and were largely written in Korean.[35] From the outset, Plaintiffs knew this was a complex products-liability case, involving a foreign corporation, and requiring expert testimony. Further Piecemeal discovery, from a foreign corporation, in a technical products-liability action regarding a twelve-year-old product cannot be considered unusual, nor should the fact that those documents are in a foreign language come as a surprise to Plaintiffs.

Plaintiffs could have easily filed their Motion for Extension at any time before the discovery deadline if they perceived that translation was going to be an issue. Such an extension would have been advisable after first receiving foreign language documents, and certainly would have been prudent after receipt of all documents two weeks before the November 18th discovery deadline.[36] Instead, Plaintiffs first raise this issue in the December 5th Motion for Extension. The fact that Plaintiffs waited until well after the discovery deadline to raise this issue represents both inattention to the discovery process and inexcusable neglect.

---

[34]Motion for Extension at 6, Docket No. 47.

[35]*Id.*

[36]Motion for Extension at 6, Docket No. 47. Plaintiffs were also given English translations when available. *See* Response to Motion to Compel at 3, Docket No. 66.

Plaintiffs' third reason for failing to submit an appropriate motion to extend within the discovery deadline is certainly excusable. Plaintiffs and Defendant, by agreement, deposed Investigator Ottoson outside the schedule on December 7, 2011.[37] Plaintiffs now argue that deadlines should be extended to allow for designations and counter designations of his deposition transcript.[38] In opposing Plaintiffs' request, Defendant notes there have been no designations or counter-designations on any other depositions.[39] Although the Court does not accept Defendant's implication that because there were no designations on other transcripts, there will be none on Ottoson's, any necessary designations can be handled out of time through the cooperation of the parties, much the same way Ottoson's deposition was handled.  Extending time for designations and counter-designations is not good cause to warrant fully reopening discovery or extending the trial beyond its current setting.

Finally, Defendant contends that Plaintiffs' primary motivation in their request for extension of the discovery period is an attempt to give Plaintiffs' expert more time to render a firm opinion as to a possible defect and causation.[40] Plaintiffs all but admit this fact in their Motion to Compel.[41] The fact that Plaintiffs' expert needed more documents in order to prepare a full report could have been accounted for much earlier in the discovery process, at least as early as July 29, 2011 when Ottoson's pictures were delivered to Plaintiffs. Plaintiffs could also have requested an extension

---

[37]Motion to Compel at 2, Docket No. 65.

[38]Motion to Compel at 2 n.1, Docket No. 65.

[39]Response to Motion to Compel at 11, Docket No. 66.

[40]Response to Motion for Extension at 6, Docket No. 56.

[41]Motion to Compel at 9, Docket No. 65 (Plaintiffs' expert could not make a complete report until he received Ottoson's investigative results).

after the September 29, 2011 deposition of Plaintiffs' expert, when it appeared the expert could not make a full report as to the nature of the failure or the causation of A.H.'s injuries.[42] Plaintiffs had a third opportunity to make a timely motion for extension after Defendant brought this deficiency to light eight days before the discovery deadline in its Motion for Summary Judgment.[43]

If Plaintiffs had acted at any of these junctures, with appropriate and timely requests to extend discovery, they would not need to seek a full reopening of discovery mere weeks before trial. Instead, the Court must address this motion out of time, after dispositive motions, and practically all other filings in this case, including the pretrial order, have been filed.

Even if the Court were to, in an abundance of caution, construe Plaintiffs' December 5th Motion for Extension as a declaration under Rule 56(d) that essential facts were unavailable to oppose summary judgment, Plaintiffs would not be entitled to further extension.[44] The essential facts Plaintiffs argue are missing are either, in the case of the Ottoson file, largely irrelevant, or, in the case of the Korean-language documents, the direct result of Plaintiffs' failure to effectively complete discovery or request extensions within the appropriate time frame.

To reopen discovery and allow a new report at this late date would cause Defendant to incur further costs of discovery, including a new round of expert depositions, and would likely require

---

[42]Which is the basis for Defendant's Pending Motion for Summary Judgment at Docket No. 44.

[43]*Id.* Defendant's Motion for Summary Judgment was filed on November 10, 2011, eight days before the November 18 discovery deadline.

[44]There has been no affidavit or proper declaration as required under Rule 56(d). Plaintiffs requested and received a fifteen day extension of time to respond to Defendant's Motion for Summary Judgment in order for Plaintiffs to incorporate Ottoson's deposition testimony into their response. *See* Docket No.'s 45,46. Ultimately, Ottoson's deposition was not mentioned in Plaintiffs' response, which largely consisted of further complaints concerning the irrelevant investigative file.

Defendant to incur substantial costs in redrafting its pending motions to contest a wholly new expert report. Such a result would be fundamentally unfair to the Defendant who has, by all accounts, dutifully complied with the demands of discovery.

Plaintiffs can neither show that their neglect to file appropriate and timely motions during discovery was excusable, nor that there exists good cause for an extension. As such, Plaintiffs' Motion for Extension of the Discovery Deadline and All Other Remaining Deadlines, and for Continuance and Resetting of the Pretrial and Trial Dates is **DENIED**.

## CONCLUSION

For the reasons set forth above, both Plaintiffs' Motion to Compel Document Production and Deposition Responses and Brief in Support,[45] and Plaintiffs' Motion for Extension of the Discovery Deadline and All Other Remaining Deadlines, and for Continuance and Resetting of the Pretrial and Trial Dates,[46] are **DENIED**. The parties are hereby ordered to exchange any designations and counter-designations on the deposition transcript of Thomas Ottoson. The deadline to file objections to the designations and counter-designations of the Ottoson transcript is extended to January 16, 2011.

IT IS SO ORDERED this 3rd day of January, 2012.

James H. Payne
United States District Judge
Northern District of Oklahoma

---

[45] Docket No. 65.

[46] Docket No. 47.

11